United States Bankruptcy Court
District of Maryland

Kelly,
    Plaintiff

Adv. Proc. No. 20-00284-MCR

McNamee, Hosea, Jernigan, Kim, Greenan &,
    Defendant

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0416-0 | User: admin | Page 1 of 1 |
| Date Rcvd: Jun 09, 2021 | Form ID: pdfparty | Total Noticed: 3 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 11, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| pla | + | Barbara Ann Kelly, 700 Gulf Shore Blvd. N., Naples, FL 34102-5325 |
| intp | + | Gregory B Myers, 700 Gulf Shore Boulevard North, Naples, FL 34102-5325 |
| dft | + | McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P., 6411 Ivy Lane, Suite 200, Greenbelt, MD 20770-1405 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 11, 2021      Signature:      /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 9, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Daniel Hodges | hodges@ewmd.com |

TOTAL: 1

Entered: June 9th, 2021
Signed: June 8th, 2021

# DENIED

This adversary proceeding is between two non-debtor parties, involves fraud-based claims for money damages against the debtor's prior law firm, and does not fall within the scope of any of subparagraphs of Section 362(a).



*Maria Ellena Chavez-Ruark*

**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

---

GREENBELT-NIGHT BOX
2021 JUN -4 PM 6:02
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:

GREGORY B. MYERS

    Debtor.

Case No. 15-26033 WIL
(Chapter 7)

---

BARBARA ANN KELLY

    Plaintiff,

v.

MCNAMEE HOSEA JERNIGAN KIM GREENAN & LYNCH, P.A.

    Defendant.

Adversary Proceeding No. 20-00284

## SUGGESTION OF BANKRUPTCY

    Gregory B. Myers ("Myers" or "Debtor"), *pro se*, respectfully requests that the Court enter an order staying all further proceedings and related filing requirements in the above-captioned adversary proceeding—including any filing requirements in this Court in connection with appeal USDC Case No. 8:21−cv−01185−GJH—until such time as the automatic stay imposed by 11 U.S.C. § 362 in Case No. 2:21-bk-00123 is dissolved. In support, Debtor states as follows:

    1.    On October 25, 2019, Barbara Ann Kelly ("Kelly") filed a *Complaint and Demand for Jury Trial* against McNamee Hosea Jernigan Kim Greenan & Lynch, P.A. ("McNamee") in the Circuit Court for Montgomery County, Maryland, Case No. 474657-V (the "State Court Litigation"). <u>Debtor was/is not a named party to the State Court Litigation</u>.



2. On September 2, 2020, McNamee unilaterally filed a *Notice of Removal* of the State Court Litigation in this Court. (Doc. 1) (the "Notice of Removal"). The filing of the Notice of Removal by McNamee resulted in the instant adversary proceeding being linked to Debtor's main case, Case No. 15-26033.

3. On January 28, 2021, Myers filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Case No. 2:21-bk-00123 (the "Florida Case"). Said petition constitutes an order for relief pursuant to the provisions of the Bankruptcy Code. Specifically, 11 U.S.C. § 362 provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title [] operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax

Court concerning a tax liability of a debtor [] who is an individual for a taxable period ending before the date of the <u>order for relief</u> under this title.

4. After Myers filed the Florida Case, the Court scheduled hearings on April 6, 7, and 28, 2021 in connection with the instant adversary proceeding, making numerous rulings which impact the Debtor and his property and constitute the continuation of a judicial proceeding for the purpose of exercising control over Debtor's property in violation of the automatic stay in Debtor's Florida Case.

5. The Court in *In re Cashco, Inc.* 599 B.R. 138 (2019) held:

> Provided a state court action is removed to the bankruptcy court where the debtor's bankruptcy case is pending, the automatic stay does not apply to removal. Nor does the automatic stay bar a party from seeking remand and abstention following removal. Filing a notice of removal to commence an adversary proceeding and filing a motion for remand and/or abstention following removal do not constitute a continuation of the underlying litigation. Neither action requires the Court to adjudicate the merits of the underlying claims.
>
> However, once a state court action subject to the automatic stay is removed, <u>the automatic stay prevents continued litigation of the claims in the adversary proceeding before the bankruptcy court</u>. The automatic stay also remains in effect with respect to adjudication of the claims against the Debtor in the State Court Action in the event of a remand, unless and until the Court grants the Plaintiffs in the State Court Action relief from the automatic stay.

(Emphasis supplied).

6. The U.S. Supreme Court in *Chicago v Fulton*, 2021 WL 125106, holds that § 362(a)(3) "suspend[s] judicial alteration of the status quo" and "halts any affirmative act that would alter the status quo as of the time of the filing of a bankruptcy petition." The referenced hearings and rulings in the instant adversary proceeding constitute the very "affirmative act[s]" and "judicial alteration of the status quo" that the Supreme Court in *Chicago v Fulton* prohibits.

7. On May 12, 2021, the Debtor—having been placed in a defensive posture because

3

of the instant adversary proceeding arguably "brought against" the Debtor—filed a *Notice of Appeal* (Doc. 63) from the *Order Denying [Debtor's] Motion to Vacate* (Doc. 52), which case is presently pending in the district court as USDC Case No. 8:21-cv-01185-GJH.

WHEREFORE, Debtor respectfully requests that the Court enter an order staying all further proceedings and related filing requirements in the above-captioned adversary proceeding—including any filing requirements in this Court in connection with appeal USDC Case No. 8:21-cv-01185-GJH—until such time as the automatic stay imposed by 11 U.S.C. § 362 in Case No. 2:21-bk-00123 is dissolved.

RESPECTFULLY SUBMITTED on this 4th day of June, 2021.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

DENIED

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of June, 2021, a true and accurate copy of the foregoing SUGGESTION OF BANKRUPTCY was furnished by first class U.S. Mail, postage prepaid to the following parties:

Barbara Ann Kelly
700 Gulf Shore Blvd. N.
Naples, Florida 34102

Daniel R. Hodges, Esq.
ECCLESTON & WOLF, P.C.
7240 Parkway Drive, 4th Floor
Hanover, MD 21076
hodges@ewmd.com
*Attorneys for McNamee*

                                                                          /s/ Gregory B. Myers
                                                                          Gregory B. Myers, *pro se*

5